1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware
corporation; and AMAZON.COM SERVICES
LLC, a Delaware limited liability company;
AMAZON TECHNOLOGIES, INC., a Nevada
corporation,

                     Plaintiffs,

     v.

SERGII DANYLCHENKO, an individual; and
DOES 1-10, d/b/a "Amz-expert.pro",

                 Defendants.

No. 2:24-cv-824

**COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF**

## I.      INTRODUCTION

1.     This case involves Defendants' knowing and deliberate facilitation of the sale and distribution of counterfeit and other fraudulent products in the Amazon.com store (the "Amazon Store"), violating the rights of Plaintiffs Amazon Technologies, Inc., Amazon.com, Inc., and Amazon.com Services LLC (collectively, "Amazon"), and causing harm to customers. Amazon brings this lawsuit against Sergii Danylchenko ("Danylchenko"), who is responsible for the website Amz-expert.pro ("Amz-expert" or the "Website"), and Does 1-10 (collectively, "Defendants"), to permanently prevent and enjoin Defendants from causing future harm to Amazon's customers and reputation, and to hold Defendants accountable for their illegal actions.

COMPLAINT - 1

2.      Amazon.com Services LLC owns and operates the Amazon Store. Amazon offers products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit, fraudulent, and inauthentic goods from being sold in its stores. In 2023 alone, Amazon invested over $1.2 billion and employed more than 15,000 people to protect its stores from counterfeits, fraud, and other forms of abuse.

3.      In addition to selling its own inventory of products directly to customers, Amazon also allows third parties to register as sellers in the Amazon Store. As a condition of selling in the Amazon Store, all third-party sellers must agree to abide by Amazon's Business Solutions Agreement ("BSA") and incorporated policies.

4.      Amazon also requires sellers in the Amazon Store to obtain additional approval before listing certain products for sale. Specifically, Amazon requires sellers to submit documentary proof of authenticity before they can sell certain categories of products in the Amazon Store. Such documentation may include, for example, product photographs, supplier invoices, or certificates of authenticity. Defendants refer to this approval process as "ungating."

5.      Despite Amazon's efforts to assure the integrity of products sold in the Amazon Store, the sale and distribution of counterfeit, inauthentic, and other fraudulent products persists in part because of services—like those offered by the Defendants—that submit fake documents to Amazon and assist bad actors in evading Amazon's policies and circumventing the processes Amazon has created to protect its customers. Defendants' conduct violates Amazon's contracts with sellers and deceives customers.

## II.      DEFENDANTS' FRAUDULENT SCHEME

6.      Amazon is bringing this action to stop Defendants from offering illicit services that are designed to deceive Amazon and its customers. Amz-expert offers services designed to

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

provide bad actors operating Amazon selling accounts with falsified documentation in order to circumvent Amazon's seller approval and product authentication processes for restricted product categories in the Amazon Store. On information and belief, Defendants provide their services to assist bad actors engaged in the sale of counterfeit, inauthentic, and other fraudulent products in the Amazon Store.

7.     Defendants advertise to bad actors operating Amazon selling accounts that "[a] team of professionals like AMZ-Expert can provide the right Amazon category approval service to speed up the process. ***We guarantee success and will ensure you get approval within a few days***."[1] Defendants also promise bad actors that they are "***willing to do all of the work for you to help you avoid any hassle***" and that they "will offer a refund if [their] services do not help you get your … products approved."[2]



8.     The reality of Defendants' scheme is that, in exchange for a fee, Defendants will log into the bad actors' selling accounts to provide fake or falsified authentication documents to Amazon on the bad actors' behalf in order to circumvent Amazon's verification processes. The

---

[1] https://amz-expert.pro/ungate-topical-approval (accessed May 15, 2024) (emphasis added).

[2] *Id.* The associated Facebook page for Amz-expert is https://www.facebook.com/amzexpertpro (accessed May 15, 2024), and makes similar statements in the Ukrainian language.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

purpose of Amazon's document verification procedures is to ensure that the products being offered for sale in the Amazon Store are authentic. By submitting all documents on the bad actors' behalf—without even requesting any of those documents from the bad actors— Defendants assist those who attempt to sell counterfeit and other inauthentic or fraudulent products to bypass the verification process without proof of a supply of authentic products. Such conduct deceives Amazon, and also deceives Amazon's customers who purchase the bad actors' products in the event the bad actors are allowed to list in the Amazon Store.

9.      Defendants are fully aware that they are providing services that violate sellers' agreements with Amazon, and that are unfair to Amazon's selling partners and customers and to Amazon itself. In fact, Defendants conceal their role from Amazon because they seek to circumvent Amazon's verification processes and cause bad actors who purchase their services to violate their contractual obligations to Amazon.

10.     Defendants are actively deceiving Amazon's customers and tarnishing Amazon's brand for their own profit, as well as for the profit of bad actors operating Amazon selling accounts who purchase their services.

11.     As a result of their illegal actions, Defendants have willfully deceived and harmed Amazon and its customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon. Defendants' illegal actions have caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon and its customers.

12.     In this action, Amazon asserts claims against Defendants for violations of the federal Lanham Act, common law fraud, intentional interference with contractual relations, and unjust enrichment.

### III.   PARTIES

13.     Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware limited liability company with

COMPLAINT - 4

its principal place of business in Seattle, Washington. Amazon Technologies, Inc. is a Nevada corporation with its principal place of business in Seattle, Washington.

14.     On information and belief, Defendant Danylchenko is an individual residing in Kharkiv, Ukraine. Amazon's investigation identified potential addresses in the Kharkiv, Ukraine area associated with Danylchenko during the time period relevant to this action.

15.     On information and belief, Amz-expert is owned, operated, and/or controlled by Danylchenko, and Danylchenko is responsible for Amz-expert's illicit activities described herein. The "Contact Info" for Amz-expert lists Danylchenko, a physical address, and a phone number. Danylchenko has used an email account, sergio.danile@gmail.com, in connection with operating Amz-expert.

16.     On information and belief, Defendants Does 1-10 (the "Doe Defendants") own, operate, or maintain Amz-expert, or are otherwise responsible for Amz-expert's operation. Amazon is unaware of the true names and capacities of the Doe Defendants and therefore Amazon sues these Defendants by such fictitious names. Amazon will amend this Complaint to allege their true names and capacities when ascertained. Amazon is informed and believes and therefore alleges that each of the fictitiously named Defendants, along with the named Defendant, are responsible in some manner for the occurrences alleged in this Complaint and that Amazon's injuries were proximately caused by said Defendants.

## IV.     JURISDICTION & VENUE

17.     The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338(a) (jurisdiction over trademark), 28 U.S.C. § 1338(b) (unfair competition claim joined with a substantial and related claim under the trademark laws), and 15 U.S.C § 1121(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* The Court also has supplemental jurisdiction over the claims arising out of state law pursuant to 28 U.S.C. §§ 1338(b) & 1367 because the state law claims arise out of the same operative facts as the federal claims.

COMPLAINT - 5

18.      The Court also has subject matter jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. The amount in controversy includes reputational damages to Amazon, Amazon's costs of investigation and attorneys' fees associated with this dispute, and disgorgement of Defendants' profits from their illegal activities.

19.      This Court has personal jurisdiction over Defendants, all of whom have conducted business activities in and directed to Washington. Defendants affirmatively undertook to provide false or misleading documents to Amazon, a corporation with its principal place of business in Washington, and Defendants were acting on behalf of bad actors operating selling accounts in the Amazon Store. Defendants specifically directed their fraudulent services toward Amazon and the Amazon Store. On information and belief, Defendants provided their fraudulent services to Washington residents. Defendants' acts harmed Amazon in Washington and, on information and belief, deceived consumers in Washington.

17.      Personal jurisdiction is also proper in this Court because Defendants are bound by Amazon's Conditions of Use,[3] which establish exclusive jurisdiction in the state and federal courts of King County, Washington for disputes related in any way to Defendants' use of services in the Amazon Store. Defendants used, and specifically targeted, services in the Amazon Store through their fake documentation scheme, and they had actual or constructive notice of the Conditions of Use. The Conditions of Use contain a Washington forum selection clause that states: "Any dispute or claim relating in any way to your use of any Amazon Service will be adjudicated in the state or Federal courts in King County, Washington, and you consent to exclusive jurisdiction and venue in these courts." The Conditions of Use also contain a Washington choice-of-law provision.

---

[3] https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM (accessed May 15, 2024).

COMPLAINT - 6

20.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington, where Amazon is headquartered and resides.

21.     Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where: (a) Amazon resides; (b) a substantial part of the injuries giving rise to this suit occurred; and (c) Defendants directed their unlawful conduct.

## V.     FACTS

### A.     Amazon's Efforts to Prevent the Sale of Inauthentic Goods.

22.     Amazon works hard to build and protect the reputation of its stores as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon entities or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturers of those products.

23.     A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other intellectual property ("IP") of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

24.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also uses this intelligence to improve its proactive prevention controls. In 2023, Amazon's proactive controls blocked more than 99% of suspected infringing listings before a brand ever had to find and report them.

25. In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of their relationship with Amazon. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for, identify, and report potentially infringing products using state-of-the-art image search technology.

26. In 2018, Amazon launched Transparency, a product-serialization service that effectively eliminates counterfeits for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. More than 1.6 billion product units, whether sold in Amazon's stores or elsewhere in the retail supply chain, have enrolled in Transparency, and have been authenticated as genuine through code scan verification

27. In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit-removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit-product offerings on their own within minutes. Since launch, more than 25,000 brands have enrolled in Project Zero.

COMPLAINT - 8

28.     Amazon continues to innovate to stay ahead of bad actors, and requires new and existing selling partners to verify their identity and documentation. Amazon investigators review the seller-provided identity documents to determine whether those documents are both valid and legitimate, such as confirming that the seller has provided a full legible copy of the document, verifying that the document matches the information the seller provided to Amazon with respect to their identity, and analyzing whether the document shows any signs of alterations, tampering, or fabrication. These measures have made it more difficult for bad actors to hide. Amazon's seller verification, coupled with continued advancements in Amazon's machine learning-based detection, are deterring bad actors from even attempting to create new Amazon selling accounts. In 2023, Amazon stopped more than 700,000 bad actor attempts to create new selling accounts, stopping them before they were able to list a single product for sale in Amazon's stores. This is down from 6 million attempts by bad actors to create new Amazon selling accounts in 2020.

29.     Once a seller begins selling in Amazon's stores, Amazon continues to monitor the selling account's activities for risks. If Amazon identifies a bad actor, it closes that actor's selling account, withholds funds disbursement, and investigates whether other accounts are involved in unlawful activities. In 2023, Amazon identified, seized, and appropriately disposed of more than 7 million counterfeit products worldwide, preventing them from harming customers or being resold elsewhere in the retail supply chain.

30.     In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products.

**B.     Sellers in the Amazon Store Are Contractually Bound by Amazon's Product Information and Anti-Counterfeiting Policies.**

31.     To become a third-party seller in the Amazon Store, sellers are required to agree to the BSA, which governs the sellers' access to and use of Amazon's services and states Amazon's rules for selling through the Store. By entering into the BSA, each seller represents

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA.[4]

32.     Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" in violation of Amazon's policies, reserving the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. BSA ¶¶ 2-3. The BSA requires the seller to defend, indemnify and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

33.     The BSA further defines "Required Product Information" for a given product sold by a seller in the Amazon Store to include "any other information reasonably requested by [Amazon] (e.g., . . . invoices and other documentation demonstrating the safety and authenticity of Your Products)." BSA S-1.1 states that an Amazon seller "will provide accurate and complete Required Product Information for each product or service that [the seller] offer[s] through any Amazon Site and promptly update that information as necessary to ensure it at all times remains accurate and complete."

34.     Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy.[5] The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit and inauthentic goods in the Amazon Store:

- •     The sale of counterfeit products is strictly prohibited.

- •     You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- •     You must provide records about the authenticity of your products if Amazon requests that documentation[.]

    Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

---

[4] The current version of Amazon's BSA is available at:
https://sellercentral.amazon.com/gp/help/external/G1791?language=en_US (accessed May 15, 2024).

[5] Amazon's Anti-Counterfeiting Policy is available at:
https://sellercentral.amazon.com/gp/help/external/G201165970?language=en_US&ref=efph_G201165970_cont_521 (accessed May 15, 2024).

COMPLAINT - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Id.*

35.     Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store together with the consequences of selling inauthentic products:[6]

- **Sell Only Authentic and Legal Products.** It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  - Bootlegs, fakes, or pirated copies of products or content

  - Products that have been illegally replicated, reproduced, or manufactured

  - Products that infringe another party's intellectual property rights

- **Maintain and Provide Inventory Records.** Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.

- **Consequences of Selling Inauthentic Products.** If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- **Amazon Takes Action to Protect Customers and Rights Owners.** Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  - Remove suspect listings.

  - Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- **Reporting Inauthentic Products.** We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

---

[6] *Id.*

COMPLAINT - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

36.     In addition, the BSA incorporates, and sellers therefore agree to be bound by, the Seller Code of Conduct. Among other things, the Seller Code of Conduct "requires that sellers act fairly and honestly on Amazon to ensure a safe buying and selling experience," including by "provid[ing] accurate information to Amazon and our customers at all times."[7]

**C.     Amazon Requires Additional Seller Approvals and Authentication In Order For Sellers to List Certain Restricted Categories of Products.**

37.     As explained above, Amazon has implemented additional requirements that sellers must satisfy in order to obtain approval to list products for sale in certain categories in the Amazon Store. The additional approval process for these product categories may include document requests, performance checks, and other qualifications.

38.     For example, products in the "Health and Personal Care" category that require approval documents include dietary supplements, medical devices, over-the-counter medications, contraceptives, and feminine hygiene products.

39.     During the additional approval process for such products, sellers must provide proof of authenticity for the products they wish to sell, which may consist of, among other things, (1) certificates of analysis ("COA"); (2) supplier invoices; and/or (3) images of the product.

40.     The approval process not only ensures that authentic products are sold in the Amazon Store for the benefit of the public at large, but also creates a system of fairness among third-party sellers by ensuring that every seller undergoes the same rigorous approval system in order to list legitimate products in the Amazon Store.

**D.     The World-Renowned Amazon Marks.**

41.     The term "Amazon.com" is not only the name of Plaintiffs' company, but it is also the most important and easily recognized identifier of the goods and services that Amazon offers. There is a close association between Amazon.com the business, the AMAZON.COM mark, and the products and services offered under the Amazon.com designation. For hundreds of

---

[7] https://sellercentral.amazon.com/help/hub/reference/external/G1801 (accessed May 15, 2024).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

millions of consumers worldwide, the names "Amazon" and "Amazon.com" have come to represent wide selection, fast delivery, everyday low pricing, outstanding customer service, and unsurpassed trust for Internet commerce. The AMAZON.COM mark is a well-known trademark.

42.     Amazon annually spends significant time, money, and effort advertising and promoting the products and services on which its trademarks are used, and it sells billions of dollars' worth of these products and services, including in the State of Washington. Through these and other investments in its customers' trust, Amazon has developed a reputation for quality products and services.

43.     Amazon Technologies, Inc. is the owner of all rights in the service marks that are the subject of the following registrations (the "Amazon Marks"):

| **Mark** | **Registration No. (International Classes)** |
| --- | --- |
| AMAZON | 2,657,226 (Int. Cl. 42)<br>2,738,837 (Int. Cl. 38)<br>2,738,838 (Int. Cl. 39)<br>2,832,943 (Int. Cl. 35)<br>2,857,590 (Int. Cl. 9)<br>3,868,195 (Int. Cl. 45)<br>4,171,964 (Int. Cl. 9)<br>4,533,716 (Int. Cl. 2)<br>4,656,529 (Int. Cl. 18)<br>4,907,371 (Int. Cls. 35, 41, 42)<br>5,102,687 (Int. Cl. 18)<br>5,281,455 (Int. Cl. 36) |
| AMAZON.COM | 2,078,496 (Int. Cl. 42)<br>2,167,345 (Int. Cl. 35)<br>2,559,936 (Int. Cls. 35, 36, 42)<br>2,633,281 (Int. Cl. 38)<br>2,837,138 (Int. Cl. 35)<br>2,903,561 (Int. Cls. 18, 28)<br>3,411,872 (Int. Cl. 36)<br>4,608,470 (Int. Cl. 45) |
| amazon | 4,171,965 (Int. Cl. 9)<br>5,038,752 (Int. Cl. 25) |
| amazon.com | 2,684,128 (Int. Cl. 38)<br>2,696,140 (Int. Cl. 42)<br>2,789,101 (Int. Cl. 35)<br>2,884,547 (Int. Cl. 39)<br>2,970,898 (Int. Cl. 41)<br>3,414,814 (Int. Cl. 36) |

COMPLAINT - 13

44.     The Amazon Marks have been used exclusively and continuously by Amazon and have never been abandoned. The above U.S. registrations for the Amazon Marks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the Amazon Marks constitute prima facie evidence of their validity and of Amazon's exclusive right to use the Amazon Marks pursuant to 15 U.S.C. § 1057(b).

45.     Amazon has continuously used these trademarks to distinguish its products and services and has developed common law rights to the term AMAZON, its associated logos, and the Amazon Marks through Amazon's extensive use thereof.

46.     Today, the Amazon Marks are well known by the general consuming public of the United States. Because of Amazon's advertisement and promotion of the Amazon Marks, consumers have come to recognize the Amazon Marks as a symbol of the trustworthiness of the products and services bearing the Amazon Marks, and further, associate the Amazon Marks solely with Amazon and its high-quality goods and services.

47.     Through Amazon's advertisements and promotion and the high level of recognition by the general consuming public of the United States, the Amazon Marks are world-renowned and became so prior to Defendants' illegal acts. The Amazon Marks are world-renowned by virtue of their inherent distinctiveness and secondary meaning as a designation of the source of the trust that consumers can place in purchasing from Amazon and by their continuous use since Amazon's founding in 1995.

**E.      Defendants' Fraudulent Seller Approval and Product Authentication Services.**

48.     As set forth in Section II, Defendants provide so-called "ungating" services to bad actors who seek to list restricted-category products in the Amazon Store without proper documentation. For a fee, Defendants purport to handle every step of the approval process on behalf of the bad actor. Defendants instruct the bad actor to identify the product category or brand for which they seek approval to sell in the Amazon Store. After the bad actor remits payment to Defendants, the bad actor is instructed to add an email address specified by

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants as a "secondary owner" to their Amazon Seller Central account. "Seller Central" is Amazon's online portal for sellers to manage their Amazon selling accounts.[8] By identifying the Defendants' email address as a secondary owner in Seller Central, the bad actor grants Defendants access to the bad actor's selling account while concealing Defendants' involvement from Amazon.

49.     Defendants then submit fraudulent documents on the bad actor's behalf to Amazon, including, for example, doctored invoices and falsified product images in an attempt to obtain approval for the bad actor. Defendants handle all email communications with Amazon (e.g., answering follow-up questions, requesting updates, and the like) through the bad actor's Seller Central account until the bad actor receives final approval. Additionally, Defendants often backstop the fictitious documents with a phone number, physical address or a fake website.

**F.     Amazon's Investigation Confirms Defendants' Fraud.**

50.     As set forth below, Amazon's investigation has confirmed that Defendants' services are designed to circumvent Amazon's seller approval and product authentication processes, and to assist bad actors in the sale of counterfeit and inauthentic products in the Amazon Store.

51.     Defendants have submitted numerous fraudulent documents to Amazon on behalf of bad actors that purchased their services. Amazon reviewed a sampling of product authentication documents submitted by Defendants and confirmed the materials were falsified. Examples of Defendants' fake documentation are set forth below.

52.     **Invoices.** Amazon has determined that Defendants submitted a fake invoice to Amazon on behalf of bad actors purporting to show the authenticity of the product the bad actors were offering for sale.

53.     **Product Images.** Amazon has determined that Defendants submitted falsified and fraudulent product images to Amazon on behalf of bad actors operating selling accounts in order to satisfy Amazon's requirement that sellers provide images of the products they seek to list in

---

[8] https://sellercentral.amazon.com/ (accessed May 15, 2024).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Amazon stores. Defendants have submitted certain product photographs which, on information and belief, were taken by Defendants (and thus do not reflect the actual products for which those sellers sought Amazon's approval).

54.     **Test Purchase – Topicals Category on Amz-expert.** After identifying Amz-expert as a likely source of fraudulent and deceptive approval documents, Amazon engaged an investigator to place an order through Amz-expert for approval of a product in the "topicals" category. The investigator remitted payment in the amount of $319.00.

55.     Defendants responded to the investigator using the email address sergio.danile@gmail.com. Defendants instructed the investigator to add email address ktron9711@gmail.com to the investigator's Amazon seller account to allow Defendants to submit approval requests on the seller's behalf.

56.     Defendants never asked the investigator to identify the actual product he sought to list, nor did Defendants ask the investigator for documentation of product authenticity (i.e., invoices, COAs, or product images). Instead, Defendants submitted to Amazon photos of a product and an invoice purporting to reflect that a particular company was the supplier of the product. The invoice was falsified by Defendants, and Amazon rejected this application owing to the apparent falsification of the invoice.

57.     At all relevant times, Defendants knew that their business of submitting fraudulent documentation on a bad actor's behalf would attempt to improperly bypass controls and processes that Amazon put in place to protect customers and ensure the integrity of its products.

58.     In some instances, Amazon provided seller approval based on Defendants' submission of fraudulent documentation. Amazon has since revoked that approval as to all affected selling accounts.

**G.     Reputational Harm to Amazon and Harm to the Public.**

59.     As set forth above, Defendants' services are designed to circumvent Amazon's seller approval and product authentication processes, and to assist bad actors in the sale of

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

counterfeit, fraudulent, and inauthentic products, including products that may be harmful and dangerous, in the Amazon Store.

60.     Through their illegal acts, Defendants have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon Store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers and selling partners. Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

**H.     Defendants Exploit Amazon's Brand and Trademarks in a Confusing and Deceptive Manner.**

61.     By using the Amazon Marks prominently throughout the Website, Defendants confuse internet users into mistakenly believing that Amz-expert is approved by Amazon or that some legal and/or economic affiliation exists between Amz-expert and Amazon.

62.     Considering the international renown of the Amazon Marks, Defendants intended to cause confusion by using the Amazon Marks, and took advantage of such confusion as to the source or affiliation of Amz-expert in order to attract internet users to Amz-expert, for Defendants' commercial gain. Below is Amazon's logo, which Defendants copied and displayed virtually unchanged on various portions of the Amz-expert website:



**Amazon's Logo**

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

63.     Amz-expert's use of the Amazon Marks cannot be considered an offer of *bona fide* goods or services, nor a legitimate commercial or fair use.

64.     Because Amz-expert is being used in furtherance of a fraudulent business, there is no legitimate commercial or creative reason for Amz-expert's operators to use the Amazon Marks.

65.     Moreover, Defendants use the Amazon Marks more than would be necessary for even a legitimate business by using a knock-off version of the Amazon logo on Amz-expert. Shown below are examples of Defendants' repeated use of Amazon's Marks, including knockoff versions of those Marks:










COMPLAINT - 18

66.     In addition, Defendants make repetitive, extensive, and wide-ranging use of the Amazon Marks in the marketing, advertising, distribution, and sale of products and services on Amz-expert.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*(by Amazon.com, Inc. and Amazon.com Services LLC against all Defendants)*
**Fraud**

67.     Amazon incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

68.     Each act of uploading a fraudulent document to circumvent Amazon's seller approval and product authentication processes constitutes an act of fraud.

69.     Defendants either directly submitted or caused the submission of multiple documents to Amazon that were designed to circumvent Amazon's seller approval and product authentication processes. Through their acts, Defendants falsely represented that the documents are legitimate. Defendants acted with knowledge that their representations were false and acted with the intent that Amazon would act on those representations. Amazon was unaware of the falsity, and Amazon would justifiably rely on the truth of the representations.

70.     As a direct and proximate result of Defendants' acts of fraud, Amazon was and continues to be injured in an amount to be proven at trial. Amazon is entitled to recover these damages, and is further entitled to injunctive relief as set forth in the Prayer for Relief below.

### SECOND CAUSE OF ACTION
*(by Amazon.com, Inc. and Amazon.com Services LLC against all Defendants)*
**Intentional Interference with Contractual Relations**

71.     Amazon incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

72.     Amazon maintains contracts with each seller that sells products in the Amazon Store, as each such seller agreed to the BSA and its incorporated policies.

73.     Defendants have knowledge of these contracts and the Required Product Information described in the contracts, including "information and other documentation

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

demonstrating the safety and authenticity of Your Products," for a given product sold by a seller in the Amazon Store.

74.     Defendants intended to disrupt and, with malice and through unfair means, did interfere with the sellers' performance of these contracts.

75.     As a result of Defendants' acts, Amazon has been harmed.

76.     Defendants' conduct was a substantial factor in causing Amazon harm.

### THIRD CAUSE OF ACTION
### *(by all Plaintiffs against all Defendants)*
### Unjust Enrichment/Restitution

77.     Amazon incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

78.     Defendants unjustly received benefits in the form of payments from bad actors operating Amazon selling accounts in exchange for Defendants' deceptive services, at Amazon's expense through their wrongful conduct, including their interference with Amazon's business relationships and their other unfair business practices. Defendants continue to unjustly retain these benefits at Amazon's expense. It would be unjust for Defendants to retain any value they obtained as a result of their wrongful conduct.

79.     Amazon is entitled to the establishment of a constructive trust consisting of the benefit conferred upon Defendants by the revenues derived from their wrongful conduct at Amazon's expense, and Amazon is entitled to all profits derived from that wrongful conduct. Amazon is further entitled to full restitution of all amounts in which Defendants have been unjustly enriched at Amazon's expense.

### FOURTH CAUSE OF ACTION
### *(by Amazon Technologies, Inc. against all Defendants)*
### Trademark Infringement (15 U.S.C. § 1114)

80.     Amazon incorporates by reference the allegations of each and every one of the preceding paragraphs as though fully set forth herein.

81.     Defendants' activities constitute infringement of the Amazon Marks as described in the paragraphs above.

COMPLAINT - 20

82.     Amazon owns the Amazon Marks and advertises, markets, offers, distributes, and sells its products and services using the Amazon Marks, and uses those trademarks to distinguish its products and services from the products and services of others in the same or related fields.

83.     Because of Amazon's long, continuous, and exclusive use of the Amazon Marks, they have come to mean, and are understood by customers and the public to signify, products and services from Amazon.

84.     Defendants use the Amazon Marks in commerce in a manner that is likely to cause confusion, mistake, or deception as to the source, origin, or authenticity of Amz-expert and Defendants' products and services.

85.     Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that Amz-expert and Defendants' products and services are affiliated with or are authorized by, Amazon, thereby harming Amazon and the public.

86.     At a minimum, Defendants acted with willful blindness to, or in reckless disregard of, their authority to use the Amazon Marks and the confusion that the use of those trademarks would have on consumers as to the source, sponsorship, affiliation, or approval by Amazon of Amz-expert, or Defendants' products and services.

87.     Moreover, because Amz-expert is being used in furtherance of a fraudulent business, there is no legitimate commercial or creative reason for Amz-expert's operators to use the Amazon Marks.

88.     Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

89.     As a result of Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, Defendants' profits attributable to the infringement, treble damages and attorneys' fees pursuant to 15 U.S.C. §§ 1117(a)-(b). The amount of money due from Defendants to Amazon is unknown to Amazon and cannot be ascertained without a detailed accounting by

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants. Alternatively, Amazon is entitled to statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of the Amazon Marks.

90.     Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below. Amazon has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the Amazon Marks are unique and valuable property; (b) Defendants' infringement constitutes harm to Amazon's reputation and goodwill such that Amazon could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of Amz-expert; and (d) Defendants' wrongful conduct, and the resulting harm to Amazon, is continuing.

### FIFTH CAUSE OF ACTION
#### (by Amazon Technologies, Inc. against all Defendants)
#### False Designation of Origin (15 U.S.C. § 1125(a)(1)(A))

91.     Amazon incorporates by reference the allegations of each and every one of the preceding paragraphs as though set fully set forth herein.

92.     Amazon owns the Amazon Marks and advertises, markets, offers, distributes, and sells its products and services using the Amazon Marks, and it uses the Amazon Marks to distinguish its products and services from the products and services of others in the same or related fields.

93.     Because of Amazon's long, continuous, and exclusive use of the Amazon Marks, they have come to mean, and are understood by customers, end users, and the public to signify, products and services from Amazon.

94.     Defendants have made commercial use of the Amazon Marks, Amazon's trade names, and/or imitation designs on Amz-expert, including a knock-off logo that intentionally mimics Amazon's logo, as described above.

95.     Amazon has not consented to Defendants' use of the Amazon Marks or trade name on Amz-expert.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

96.     Defendants' unauthorized use of the Amazon Marks and trade name on Amz-expert was willful.

97.     Defendants' use has been done in a manner that is likely to cause confusion or to cause mistake, or to deceive as to the affiliation, connection, or association of Amazon with Defendants, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities.

98.     Defendants have used, and continue to use, Amazon's name to deceive customers. On information and belief, Defendants' wrongful conduct misleads and confuses the public as to the origin and authenticity of Defendants' services and wrongfully trades upon Amazon's goodwill and business reputation.

99.     Defendants' acts constitute willful false statements in connection with products and/or services distributed in interstate commerce, in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

100.    Defendants are subject to liability for the wrongful conduct alleged herein, both directly and under various principles of secondary liability, including without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

101.    As a result of Defendants' wrongful conduct, Amazon is entitled to recover its actual damages, Defendants' profits, and treble damages and attorneys' fees pursuant to 15 U.S.C. §§ 1117(a)-(b). The amount of money due from Defendants to Amazon is unknown to Amazon and cannot be ascertained without a detailed accounting by Defendants.

102.    Amazon is further entitled to injunctive relief, as set forth in the Prayer for Relief below. The injury to Amazon is and continues to be ongoing and irreparable. An award of monetary damages cannot fully compensate Amazon for its injuries, and Amazon lacks an adequate remedy at law.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1. That the Court enter an order permanently enjoining Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from:

 (a) using the Amazon Marks in connection with any product, service, or website;

 (b) using any other indication of Amazon's brand in connection with any product, service, or website;

 (c) offering, marketing, advertising, distributing, or selling any service designed to submit falsified documentation on behalf of sellers or otherwise circumvent Amazon's processes for seller approval and product authentication;

 (d) hosting the www.amz-expert.com domain and other domain names and websites through which Defendants engage in the aforementioned enjoined activities, including but not limited to Defendants' websites providing services to backstop the fake documentation Defendants submit to Amazon;

 (e) assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (a) through (d) above.

2. That the Court enter an order directing Defendants, their officers, agents, servants, employees, attorneys, and all others in active concert or participation with them to:

 (a) provide information sufficient to identify each Amazon seller on whose behalf Defendants provided fraudulent documentation to circumvent the Amazon processes for seller approval and product authentication; and

 (b) provide information sufficient to identify any third parties who participated in, or otherwise conspired with Defendants, to commit the misconduct alleged in this Complaint.

COMPLAINT - 24

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

3.      That the Court enter an Order authorizing Amazon to serve the injunction to the domain registrars and domain hosts for the amz-expert.com domain and any other domains and websites through which Defendants engage in the aforementioned enjoined activities, and require those registrars and hosts (1) to transfer to Amazon control and ownership of amz-expert.com and websites through which Defendants engage in the aforementioned enjoined activities, and (2) to cease providing services to Defendants involving hosting, facilitating, or providing any supporting services to the amz-expert.com domain and any other domains and websites through which Defendants engage in the aforementioned enjoined activities;

4.      That the Court enter an Order authorizing Amazon to request those who have notice of the injunction and are acting in concert or participation with Defendants as service providers cease hosting, facilitating access to, or providing any supporting service to any and all domain names, including but not limited to the thefunnelguru.com and reinstatedpros.com domains, and websites through which Defendants engage in the aforementioned enjoined activities;

5.      That the Court enter an order requiring Defendants to disgorge their profits and declaring that Defendants shall hold in trust, as constructive trustees for the benefit of Amazon, their illegal profits gained from their efforts to circumvent Amazon's processes for seller approval and product authentication, and requiring Defendants to provide Amazon with a full and complete accounting of all amounts obtained as a result of Defendants' unlawful activities;

6.      That Defendants' profits from the unlawful scheme alleged in this Complaint be disgorged pursuant to 15 U.S.C. § 1117(a);

7.      That Defendants, jointly and severally, be required to pay all general, special, actual, and statutory damages which Amazon has sustained, or will sustain, as a consequence of Defendants' unlawful acts, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117(a), or otherwise allowed by law;

COMPLAINT - 25

8.      That the Court enter an Order requiring Defendants to pay both the costs of this action and Amazon's attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117(a), or otherwise allowed by law; and

9.      That the Court grant Amazon such additional and further relief as is just and proper.


DATED this 11th day of June, 2024.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*


*s/ Scott R. Commerson*
Scott R. Commerson, WSBA #58085
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com

*s/ Lauren Rainwater*
Lauren Rainwater, WSBA #43625
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1604
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: laurenrainwater@dwt.com

COMPLAINT - 26