1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., et al.,

               Plaintiffs,

    v.

SERGII DANYLCHENKO,

               Defendant.

Case No. C24-0824-JNW-SKV

ORDER GRANTING EX PARTE
MOTION FOR ALTERNATIVE
SERVICE

## INTRODUCTION

Plaintiffs Amazon.com, Inc., Amazon.com Services, and Amazon Technologies, Inc. (collectively "Amazon") filed an *Ex Parte* Motion for Alternative Service. Dkt. 14. Plaintiffs seek an order authorizing completion of service of process on Defendant Sergii Danylchenko by email. The Court held a status conference addressing the motion. Dkt. 21. Now, having considered the motion, all documents filed in support, the information provided by counsel at the status conference, and the balance of the record, the Court herein GRANTS Plaintiffs' motion for the reasons set forth below.

## BACKGROUND

This matter involves allegations of fraud, intentional interference with contractual relations, unjust enrichment and restitution, trademark infringement, and false designation of

1    origin.  Dkt. 1.  Plaintiffs allege Defendant acted to circumvent Amazon's approval and product

2    authentication processes for restricted product categories in the Amazon.com store, and,

3    specifically, submitted falsified documentation to Amazon on behalf of bad actors operating

4    Amazon selling accounts.  *Id*.

5         Plaintiffs conducted an investigation into Defendant, who provided services through his

6    website, amz.expert.pro.  Dkt. 15, ¶2.  The investigation revealed Defendant is likely Ukrainian,

7    but that he moved from the Ukraine and currently resides in or near Alanya, Turkey.  *Id*., ¶3.

8    Amazon's investigators have not been able to identify a current valid physical address for

9    Defendant, but the information obtained provides support for the conclusion that Defendant is

10   likely located in Turkey.  *Id*.  In addition, in investigating the alleged fraudulent scheme involved

11   in this case, an Amazon investigator successfully conducted a "test buy" in which the

12   investigator communicated with Defendant through the email address sergio.danile@gmail.com,

13   and was provided a second email address, ktron9711@gmail.com, for use in association with the

14   test buy.  *Id*.,¶4.

15        Plaintiffs now seek an order from the Court granting leave to serve Defendant via email

16   through the email addresses associated with Defendant:  sergio.danile@gmail.com and

17   ktron9711@gmail.com.  They believe that these email addresses are currently active.  They

18   observe that, during the test buy, Defendant utilized sergio.danile@gmail.com as his means of

19   communication, and utilized ktron9711@gmail.com to submit fake documentation to Amazon.

20   *Id*., ¶5.  Further investigation revealed ktron9711@gmail.com was used on over ninety occasions

21   on behalf of various Amazon selling accounts that submitted documentation to Amazon in an

22   effort to obtain approval to sell products in the Amazon store.  Dkt. 16, ¶6.  Plaintiffs also

23   observe that, on September 6, 2024, they directed a test email to Defendant at both email

1  addresses, apprising Defendant of this lawsuit and containing copies of the Complaint, civil

2  cover sheet, and summons, and did not receive any error notices, bounce back messages, or other

3  indications that the emails failed to deliver.  Dkt. 15, ¶6.  Plaintiffs seek to serve Defendant using

4  RPost (www.rpost.com), an online service for service of process.  *Id.*, ¶7.

5       Plaintiffs, finally, submitted a supplemental declaration explaining that they are currently

6  engaged in negotiations with an attorney who reached out to advise of his representation of

7  Defendant for settlement purposes only.  Dkt. 20.  However, Defendant has not as yet agreed to

8  waive service or to authorize counsel to accept service on his behalf.  *See id.*, ¶¶2-3.  Nor has

9  counsel provided an address for Defendant.  *Id.*  Plaintiffs assert that the fact Defendant had an

10  attorney reach out on his behalf to discuss a potential settlement demonstrates he is already on

11  notice of the lawsuit and that these additional facts underscore the reasonableness of allowing

12  service on him by email.  *Id.*, ¶5.  Plaintiffs also, at the status conference, advised that they

13  continue to seek an Order allowing for alternative service given the absence of any agreement as

14  to a waiver of service.

15  <u>DISCUSSION</u>

16       Federal Rule of Civil Procedure 4(f) permits service of process on individuals in foreign

17  countries by:  (1) internationally agreed means of service reasonably calculated to give notice,

18  such as those authorized by the Hague Convention on the Service Abroad of Judicial and

19  Extrajudicial Documents; (2) if there is no internationally agreed means, in accordance with the

20  foreign country's law; or (3) "by other means not prohibited by international agreement, as the

21  court orders."  Fed. R. Civ. P. 4(f)(3).  To obtain a court order under Rule 4(f)(3), a plaintiff must

22  "demonstrate that the facts and circumstances of the present case necessitate[] the district court's

23  intervention."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).

1         In addition to the requirements of Rule 4(f), "a method of service of process must also

2   comport with constitutional notions of due process." *Id*.  "To meet this requirement, the method

3   of service crafted by the district court must be 'reasonably calculated, under all the

4   circumstances, to apprise interested parties of the pendency of the action and afford them an

5   opportunity to present their objections.'" *Id.* at 1016-17 (quoting *Mullane v. Cent. Hanover*

6   *Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

7   A.    <u>Rule 4(f)</u>

8         Plaintiffs assert their inability to locate a physical address for Defendant.  *See* Dkt. 15.

9   Plaintiffs' investigation and discovery efforts narrowed the likely location of Defendant to

10   Turkey.  *Id*.  Turkey is a party to the Hague Convention on the Service Abroad of Judicial and

11   Extra Judicial Documents in Civil and Commercial Matters.  *See* https://www.hcch.net/en/

12   instruments/conventions/status-table/?cid=17 (last accessed September 24, 2024).  However, the

13   Hague Convention expressly "shall not apply where the address of the person to be served with

14   the document is not known."  Hague Convention, T.I.A.S. No. 6638 (Feb. 10, 1969), 20 U.S.T.

15   361, 1969 WL 97765.  Here, because they have been unable to locate any physical address for

16   Defendant, Plaintiffs could not utilize methods authorized by the Hague Convention.  Moreover,

17   because the Convention does not apply, it does not bar service by email.

18         Whether or not the Hague Convention applies, federal courts have concluded that email

19   service on individuals located in Turkey is not prohibited by the Hague Convention or by any

20   other international agreement, and have authorized service by email under Rule 4(f)(3).  *See,*

21   *e.g., Facebook, Inc. v. Sahinturk*, C20-8153, 2021 WL 4295309, at *2-3 (N.D. Cal. Sept. 21,

22   2021); *Makina v. Kimya Endustrisi A.S*, C22-3933, 2022 WL 3018243, at *2-5 (S.D.N.Y. July

23

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE - 4

29, 2022) (also noting Turkey has not objected to service by email); *Chanel, Inc. v. designerchanelgirl.com*, C20-62447, 2020 WL 8226843, at *1-2 (S.D. Fla. Dec. 2, 2020) (same).

As discussed at the status conference, this case differs from other Amazon Counterfeit Enforcement Actions proceeding in this Court. *See generally* General Order 03-23. As related to the current motion, the Court notes that Plaintiffs failed to provide some information relevant to the Court's determination. In particular, Plaintiffs failed to specify when they conducted the "test buy" or to provide more than minimal detail as to the "diligent efforts" undertaken to obtain a current valid physical address for Defendant. *See* Dkt. 15, ¶¶2-5. The Court nonetheless concludes that Plaintiffs have shown that they have attempted but failed to obtain a valid physical address for Defendant. Plaintiffs further show that, although some communications with counsel for Defendant have occurred, there has been no waiver of service of summons or acceptance of service by counsel on Defendant's behalf. Plaintiffs therefore demonstrate the need for the Court's intervention. The Court further finds that service by email is not prohibited by international agreement. Plaintiffs therefore show that an Order permitting service by email comports with Rule 4(f).

B.   Due Process

The Court must also determine whether service of process on Defendant through email would comport with due process. That is, the Court must consider whether this method of service is "reasonably calculated, under all the circumstances," to apprise Defendant of this action and afford Defendant the opportunity to object. *Mullane*, 339 U.S. at 314. As found by the Ninth Circuit, the decision to allow service by email lies within the district court's discretion where the defendant has "structured its business such that it could be contacted *only* via its email

1    address" and "designated its email address as its preferred contact information." *Rio Props.,*

2    *Inc.*, 284 F.3d at 1018 (emphasis in original).

3            Plaintiffs show that Defendant provided to Amazon investigators and repeatedly used as

4    his primary means of communication for the alleged illicit scheme the email addresses

5    sergio.danile@gmail.com and ktron9711@gmail.com.  *See* Dkts. 14-16.  Plaintiffs also show

6    that the addresses remain active, as demonstrated by a test buy conducted by Amazon

7    investigators, through test emails sent successfully and with no indication of a failure to deliver,

8    and the fact that, after the test emails, an attorney reached out to Plaintiffs' counsel regarding this

9    matter and advised that he represented Defendant for settlement purposes.  *See* Dkts. 14-16, 20.

10           This Court has concluded that the due process requirement for alternative service by

11   email is satisfied "when the plaintiff demonstrates that the email addresses at issue are valid and

12   are successfully receiving messages."  *Amazon.com Inc. v. KexleWaterFilters*, C22-1120-JLR,

13   2023 WL 2017002, at *4 (W.D. Wash. Feb. 15, 2023).  The Court has, accordingly, authorized

14   service by email where plaintiffs identified email addresses defendants used for Amazon Selling

15   Accounts and verified the addresses remained active, finding sufficient indicia that the

16   defendants were likely to receive notice if served by email and due process concerns satisfied.

17   *See, e.g.*, *Amazon.com, Inc. v. Pengyu Bldg. Materials*, No. C21-0358-JNW-SKV, 2023 WL

18   4131609, at *3-4 (W.D. Wash. June 22, 2023); *KexleWaterFilters*, 2023 WL 3902694, at *2

19   (W.D. Wash. May 31, 2023); *Amazon.com Inc. v. Bamb Awns*, No. C22-402-MLP, 2023 WL

20   2837076, at *3 (W.D. Wash. Apr. 7, 2023).  *Accord Bright Sols. for Dyslexia, Inc. v. Lee*, C15-

21   1618, 2017 WL 10398818, at *7 (N.D. Cal. Dec. 20, 2017) (finding service by email proper

22   "because Defendants structured their counterfeit business such that they could only be contacted

23   by email[,]" the court authorized service by email, and the emails sent did not bounce back as

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE - 6

undeliverable), *report and recommendation adopted*, 2018 WL 4927702 (N.D. Cal. Mar. 26, 2018).  In contrast, where plaintiffs did not indicate whether they had attempted to contact any defendants using email addresses associated with Amazon Selling Accounts, nor represented the defendants had notice of the lawsuit, the Court denied service by email upon finding a failure to demonstrate the email addresses were still valid.  *KexleWaterFilters*, 2023 WL 2017002, at *2, 4 (permitting plaintiffs to "renew their motion with evidence of recent communications to Defendants that demonstrates that service by email is a reliable method to provide Defendants with notice of the pendency of [the] action."), *renewed motion granted, KexleWaterFilters*, 2023 WL 3902694, at *2.  *See also Amazon.com, Inc. v. Tian Ruiping*, No. C21-0159-TL, 2022 WL 486267, at *3-5 (W.D. Wash. Feb. 17, 2022) (denying alternative service by email where plaintiffs had obtained physical addresses for defendants, but did not demonstrate the addresses were incorrect or inadequate for service, did not show any defendant was aware of the pending action, and did not indicate any attempts to contact defendants, including attempted communication via email, through Selling Accounts, or by any other means).

Plaintiffs here demonstrate that the email addresses used by Defendant served as the primary means of communication with Amazon and Amazon's investigators and that the addresses remain active, as recently demonstrated by the fact that counsel for Defendant reached out to discuss settlement after delivery of the test emails.  As argued by Plaintiffs, the evidence before the Court provides sufficient indicia that Defendant is likely to receive notice if served by email.  The Court therefore finds service through email is reasonably calculated to apprise Defendant of this action and provide an opportunity to respond, and thus satisfies concerns of due process.

/ / /

ORDER GRANTING EX PARTE MOTION FOR
ALTERNATIVE SERVICE - 7

1

<u>CONCLUSION</u>

2      The Court, for the reasons stated above, GRANTS Plaintiffs' *Ex Parte* Motion for

3 Alternative Service.  Dkt. 14.  Specifically, the Court authorizes Plaintiffs to serve Defendant

4 Sergii Danylchenko through the following email addresses:  sergio.danile@gmail.com and

5 ktron9711@gmail.com.  Plaintiffs are ORDERED to complete service and file proof of service

6 by **October 23, 2024**.

7      Dated this 8th day of October, 2024.

8

9      S. KATE VAUGHAN
       United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23